**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SEAN A. ABRAM,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. ________________ |

# COMPLAINT

NOW COMES Plaintiff, SEAN A. ABRAM ("Plaintiff"), by and through counsel, and files this Complaint against Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), alleging as follows:

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## Parties

2. Plaintiff is a natural person residing in the City of Philadelphia, in Philadelphia County, in the State of Pennsylvania.

3. At all times relevant, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Defendant EQUIFAX INFORMATION SERVICES, LLC is a consumer reporting agency that regularly assembles or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties for monetary compensation.

5. Defendant EQUIFAX is a "person" as defined by 15 U.S.C. § 1681a(b) and a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

6. At all times relevant, Defendant EQUIFAX acted through its agents, employees, officers, representatives, successors, and assigns.

**Jurisdiction and Venue**

7. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391(b)(1) because EQUIFAX resides in this District for venue purposes.

**Factual Allegations**

9. Plaintiff maintained a First Premier Bank credit-card account ending in 0156 (the "Account").

10. On November 6, 2025, PREMIER Bankcard confirmed in writing that the Account had a balance of $1,856.89 and that First Premier had agreed to accept $928.45 in settlement.

11. The written settlement provided that, upon completion of the settlement, the Account would be closed and reported to the major consumer reporting agencies as paid in full for less than the full balance, or, if the Account charged off before receipt of the settlement payment, as charged off and paid in full for less than the full balance.

12. The written settlement required the arrangement to be fulfilled by February 3, 2026.

13. Plaintiff's payment records reflect three cleared payments on the Account: $200.00 on November 28, 2025, $364.23 on December 31, 2025, and $364.22 on January 28, 2026, totaling exactly $928.45.

14. Plaintiff therefore completed the payments required by the written settlement no later than January 28, 2026, before the February 3, 2026, deadline.

15. In May 2026, EQUIFAX was reporting the Account with a $1,472.00 balance and delinquent status despite Plaintiff's completion of the settlement.

16. On May 26, 2026, Plaintiff sent a written dispute to EQUIFAX specifically identifying First Premier Account number beginning with 5178 and ending in 0156 and disputing its current status, payment history, and reported $1,472.00 balance.

17. Plaintiff advised EQUIFAX that he had settled the Account with First Premier and had made all payments required to fulfill the settlement.

18. Plaintiff further advised EQUIFAX that additional documentation was included to assist in researching the matter and requested that EQUIFAX research the dispute and update its records accordingly.

19. After the dispute period, Plaintiff obtained another consumer credit report dated September 27, 2026.

20. In the September 27, 2026, report, EQUIFAX continued reporting the Account with an outstanding balance and past-due obligation, including a $1,733.00 balance and $1,733.00 amount past due, together with a current payment status of collection/charge-off.

21. EQUIFAX'S post-dispute reporting also reflected that the consumer disputed the Account information.

22. Plaintiff does not challenge the historical fact that the Account had been charged off. Plaintiff challenges EQUIFAX'S continued reporting of a present balance, past-due amount, and current delinquency after Plaintiff completed the settlement payments.

23. The continued reporting of a present balance and current delinquency was inaccurate or materially misleading because Plaintiff had completed the payments required by First Premier's $928.45 settlement.

24. The disputed balance and current delinquency were objectively and readily verifiable from First Premier's written settlement, Plaintiff's cleared-payment information, and the information available during the reinvestigation.

25. EQUIFAX failed to reasonably review and consider the relevant information supplied by Plaintiff and/or the furnisher and failed to correct, delete, or modify information that was inaccurate, incomplete, materially misleading, or could not be verified.

26. EQUIFAX'S continued reporting of an outstanding balance after Plaintiff completed the payments required to resolve the Account caused Plaintiff actual harm, including frustration, anger, anxiety, and distress over the continued inaccurate reporting of a debt he had already resolved.

27. Plaintiff experienced worry and concern regarding the effect the inaccurate reporting could have on his creditworthiness and his ability to obtain credit, and expended time and effort reviewing his credit information, preparing and submitting his dispute, providing supporting documentation, and determining whether the disputed information had been corrected.

**COUNT I – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

28. Plaintiff repeats and incorporates by reference the allegations set forth above.

29. EQUIFAX prepared and furnished consumer reports concerning Plaintiff that contained inaccurate or materially misleading information regarding the Account, including a present outstanding balance and past-due amount after Plaintiff completed the settlement.

30. EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in preparing consumer reports concerning Plaintiff.

31. EQUIFAX'S violations caused Plaintiff the actual injuries alleged above, including emotional distress and the expenditure of time and effort attempting to correct and review the inaccurate reporting.

32. EQUIFAX'S conduct was willful within the meaning of 15 U.S.C. § 1681n or, alternatively, negligent within the meaning of 15 U.S.C. § 1681o.

33. Plaintiff is entitled to recover all damages and other relief permitted by 15 U.S.C. §§ 1681n and/or 1681o.

**COUNT II – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

34. Plaintiff repeats and incorporates by reference the allegations set forth above.

35. After Plaintiff submitted his specific dispute and supporting information concerning the Account, EQUIFAX failed to correct or delete the inaccurate or materially misleading outstanding balance and past-due amount.

36. EQUIFAX violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, failing to review and consider all relevant information submitted by Plaintiff, and failing to delete or modify information that was inaccurate, incomplete, or could not be verified.

37. EQUIFAX'S violations caused Plaintiff the actual injuries alleged above.

38. EQUIFAX'S conduct was willful within the meaning of 15 U.S.C. § 1681n or, alternatively, negligent within the meaning of 15 U.S.C. § 1681o.

39. Plaintiff is entitled to recover all damages and other relief permitted by 15 U.S.C. §§ 1681n and/or 1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant EQUIFAX, and that Plaintiff be awarded:

a) Actual damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and statutory damages as permitted by 15 U.S.C. § 1681n(a)(1)(A);

b) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for any willful violation;

c) Costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and/or 1681o(a)(2); and

d) Such other and further legal or equitable relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: October 13, 2026

By: *<u>/s/ Heather Hicks</u>*
Heather Hicks
Colexit Law, PLLC
8735 Dunwoody Place # 12678
Atlanta, GA 30350
P. 480.944.0994
HHicks@colexit.com

Attorney for Plaintiff,
SEAN A. ABRAM